IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 06-0338-CG-M |
| ) | |
| AMERICAN CONSERTECH, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the court on plaintiff's motion for summary judgment against defendants Charles and Patricia Zeller (Doc. 72), the response in opposition of Patricia Ann Zeller (Doc. 75), the response of Charles R. Zeller (Doc. 76), and plaintiff's reply (Doc. 77). Defendant, Charles Zeller has conceded that summary judgment is due to be entered against Mr. Zeller. However, the court finds that a material question of fact exists as to plaintiff's claims against Patricia Zeller. Thus, summary judgment is due to be **GRANTED** as against Charles Zeller, but **DENIED** as to Patricia Zeller.

**FACTS**

In this action, the plaintiff, Fidelity and Deposit Company of Maryland ("F&D"), seeks to recover damages pursuant to indemnity agreements allegedly executed on May 8, 2002, and March 24, 2003, by Charles R. Zeller, his wife, Patricia Ann Zeller, and other named defendants.[1] Ms. Zeller asserts that she did not sign the indemnity agreements or have any knowledge of them until the commencement of this suit. According to the Zellers, Mr. Zeller

---

[1] Default has been entered as to defendants American Consertech, Inc., E.Scott Cope and Gloria Cope.(Doc. 44). The Zellers are the only defendants for which default has not been entered.

1

signed his wife's name to the indemnity agreements without his wife's knowledge or consent. (Charles Zeller Depo. pp. 34-37). The documents each show that an individual signed next to Ms. Zeller's signature as a witness and that Ms. Zeller's signature was acknowledged by a notary and stamped with a notary's seal. Mr. Zeller reports that the documents were notarized without his wife's signature and that he later forged his wife's signature and typed his wife's name into the notary paragraph. (Charles Zeller Depo. pp. 34-35).

The May 8, 2002, and March 24, 2003, agreements state that the Zellers shall indemnify F&D for losses and expenses associated with bonds issued by F&D on behalf of American Consertech, Inc. ("Consertech") and any losses or expenses sustained in enforcing the indemnity agreement. F&D, in reliance on the indemnity agreements, issued several payment and performance bonds on Consertech's behalf for several public construction projects in Alabama. (Pilcher Affid.). F&D reports that Consertech has defaulted on its obligations and that, to date, the costs incurred to complete the performance and payment obligations on the projects defaulted by Consertech, and to enforce the indemnity obligations under the agreements totals $3,472,253.00. (Pilcher Affid.).

The Zellers live in Texas, which plaintiff asserts is a community property state. Mr. Zeller's income pays the Zellers bills including the mortgage on their house and credit card debt owed on cards in Ms. Zeller's name. (Charles Zeller Depo. p. 52; Patricia Zeller Depo. pp. 41, 76-78). Mr. Zeller is the primary breadwinner for the Zellers. (Patricia Zeller Depo. pp. 18, 44). Ms. Zeller's only income is "some interest income off of some separate property." (Patricia Zeller Depo. pp. 18, 78).

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted:

2

"if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, at 249-250. (internal citations omitted).

The basic issue before the Court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir.1999). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir.1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). Otherwise stated, the non-movant must "demonstrate that there is indeed a material

3

issue of fact that precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e) "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**DISCUSSION**

Mr. Zeller concedes that plaintiff's motion for summary judgment is due to be granted as to him. (Doc. 76). However, Ms. Zeller opposes summary judgment as to plaintiff's claims against her. Ms. Zeller has not disputed the fact that Consertech has defaulted on its obligations; nor has she disputed the amount owed to plaintiff under the indemnity agreements. Ms. Zeller's opposition is based only on her assertion that she did not enter into the indemnity agreements. According to Ms. Zeller, the signatures on the indemnity agreements do not match her own signature, but she has not submitted any testimony or reports by a handwriting expert. The only evidence supporting her contention consists of her own statements and those of her husband. Her signatures on the documents were witnessed, accompanied by a certificate of acknowledgment, and stamped with a notary's seal in the State of Texas. The notary for each document expressly acknowledged that Patricia Ann Zeller personally appeared before the notary and executed the instrument and acknowledged same to be their act and deed. The Alabama, Texas, and Federal Rules of Evidence all provide that documents accompanied by a certificate of acknowledgment in a manner provided by law by a notary public or other officer authorized by law to take acknowledgments are self authenticating. ALA. R. EVID. 902(8), TEX.

4

R. EVID. 902(8), FED. R. EVID. 902(8). "The certificate of a notary is presumptively correct, and the evidence necessary to impeach it must be clear and convincing." see e.g. Central Bank of the South v. Dinsmore, 475 So.2d 842, 845 (Ala. 1985) (citing Henslee v. Henslee, 263 Ala. 287, 82 So.2d 222, 225 (1955)); see also National Protective Legion v. Stevens, 258 S.W. 487, 488 (Tex.Civ.App. 1924) ("The presumption is in favor of the correctness of the officer's certificate.").

The court previously denied Ms. Zeller's motion to dismiss for lack of personal jurisdiction, finding that "[c]onstruing all reasonable inferences in favor of the plaintiff, the court finds that the evidence submitted by defendant does not overcome the presumption of correctness supplied by the certificate of the notary." (Doc. 78). However, the standard of proof on summary judgment is different than the standard of proof applied in this court's previous order. In the context of a motion to dismiss in which no evidentiary hearing is held, a plaintiff need establish only a prima facie case of jurisdiction. Huey v. Am. Truetzschler Corp., 47 F.Supp.2d 1342, 1344 (M.D. Ala. 1999) (citing Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990)). "The court, in considering the motion, must take all allegations of the complaint that the defendant does not contest as true, and, where the parties' affidavits conflict, the court must construe all reasonable inferences in favor of the plaintiff." Id.; see also Hodges v. Furlong, 883 F.Supp. 1524, 1526 (S.D. Ala. 1995) ("Where the defendant's affidavits conflict with the complaint, the court must construe all reasonable inferences in favor of the plaintiff." citing Madara supra). Conversely, in considering the current motion, the movant generally has the burden of proof and the court must construe all inferences in favor of the non-moving party. The court finds that the statements of Mr. and Ms. Zeller are sufficient to raise a question of fact as to whether Ms. Zeller entered into the indemnity agreements. The Zellers have not simply asserted a general denial that Ms. Zeller signed the documents. Mr. Zeller testified in detail about how he forged Ms. Zeller's name and added her name to the notary paragraphs after the documents had been notarized. No contrary testimony has been offered. Thus, although the notarization of the documents presents strong evidence that Ms. Zeller signed the agreements, the court finds that a reasonable jury could find in Ms. Zeller's favor.

Plaintiff asserts that regardless whether Ms. Zeller signed the agreements, she should be held accountable for the debts of her husband because Texas is a community property state. Plaintiff cites Cockerham v. Cockerham for the proposition that "debts contracted during marriage are presumed to be on the credit of the community and thus are joint community obligations, unless it is shown the creditor agreed to look solely to the separate estate of the contracting spouse for satisfaction." 527 S.W.2d 162, 171 (Tex. 1975) (citation omitted). However, even if a judgment obtained against Mr. Zeller in this case would be considered a community obligation, the court does not agree that judgment should be entered on that basis against Ms. Zeller in this case. In other words, plaintiff may be able to reach the Zeller's community property when it attempts to enforce any judgment it obtains against Mr. Zeller, but plaintiff has not shown that it is entitled to judgment as a matter of law against Ms. Zeller on the indemnity agreements. The current action does not seek to attach or foreclose on the Zeller's community property and the court is aware of no authority by which it can enter judgment in this case against Ms. Zeller simply because her husband concedes liability against himself.

## CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment (Doc. 72) is **GRANTED** in favor of plaintiff as to defendant, **Charles Zeller,** and the motion is **DENIED** as to defendant, **Patricia Zeller**.

**DONE and ORDERED** this 11th day of October, 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE