IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FIDELITY AND DEPOSIT COMPANY OF MARYLAND,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 06-0338-CG-M |
| ) | |
| **AMERICAN CONSERTECH, INC., et al.,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the court on the motion of defendant, Patricia Geiss (formerly named as Patricia Zeller) to alter, amend or vacate judgment pursuant to FED. R. CIV. P. §§ 59 or 60 (Doc. 114), and plaintiff's opposition thereto (Doc. 115). The court finds that plaintiff has not demonstrated that Dr. Roper's testimony should have been considered by this court in determining whether judgment should be entered against defendant. The court further finds that defendant has not demonstrated the need to correct clear error or manifest injustice. Therefore, defendant's motion to alter, amend or vacate is due to be denied.

Defendant seeks reconsideration of this court's order of April 9, 2008, which found that judgment should be entered in favor of plaintiff as against all defendants in this case. (Doc. 110). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is "committed to the sound discretion of the district judge." Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000) (quoting American Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir.1985)). A motion to alter or amend a judgment must demonstrate why the court

1

should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Sonnier v. Computer Programs & Systems, Inc., 168 F.Supp.2d 1322, 1336 (S.D. Ala. 2001) (citations omitted).   The standard of review under Rule 59(e) was summarized in Sonnier as follows:

> A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294 (M.D. Fla.1993)).  Generally, courts have recognized three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.  Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D.Fla.1994); see also Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986).  Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources. Pennsylvania Ins. Guar. Ass'n v. Trabosh, 812 F.Supp. 522 (E.D.Pa.1992); Wendy's Int'l v. Nu-Cape Construction, 169 F.R.D. 680, 684-85 (M.D.Fla.1996).

Id., (quoting Alabama State Docks Department v. Water Quality Insurance Syndicate, 1998 WL 1749263 (S.D.Ala.1998)(emphasis in original)).   Plaintiff asserts that certain excluded evidence should have been considered by the court and that there is a need to correct clear error or manifest injustice.

Defendant argues that because she anticipated that her motion to dismiss for lack of personal jurisdiction would be granted, she did not produce an expert report or notice the deposition of her intended expert.  Defendant filed her motion to dismiss on July 3, 2007. (Doc. 63).  Discovery in this matter closed on July 27, 2007, prior to a ruling being entered on defendant's motion to dismiss.  Defendant's  motion to dismiss was denied by order dated September13, 2007. (Doc. 78).  No party ever moved for a stay of discovery pending a ruling on the motion to dismiss or for an extension of discovery beyond July 27, 2007.  Defendant also did

not move to reopen discovery. Defendant later designated Dr. Roper as a witness to testify to the authenticity of defendant's signature. Plaintiff moved to exclude such testimony because the witnesses had not been previously designated as an expert. The court granted that motion. (Docs. 92, 97). Defendant contends that Dr. Roper would have testified that the signatures on the agreements in question did not belong to defendant, Patricia Geiss, and were instead forged. Defendant argues that the court should grant her motion to alter, amend, or vacate so that she can provide the court with Dr. Roper's testimony. The court disagrees. Defendant has offered no authority for allowing Dr. Roper's testimony at this late date, after judgment has been entered. Defendant has not shown that Dr. Roper's testimony was somehow unavailable earlier or that the exclusion of Dr. Roper's testimony was in error or unjustified. Defendant did not attempt to designate Dr. Roper as an expert witness until after the close of discovery and did not attempt to have the discovery or expert designation deadlines extended or even to reopen discovery in light of the court's ruling on her motion to dismiss. The only justification defendant has offered for her failure to designate Dr. Roper as an expert is that she had put all her faith in her motion to dismiss. However, the motion was opposed by plaintiff, and the court finds her reliance on the motion was unjustified. Moreover, defendants were required to disclose expert reports on or before March 16, 2007, prior to the filing of her motion to dismiss. (Doc. 33). Additionally, if defendant believed her motion was likely to be granted, she could have requested a stay of discovery pending a ruling on her motion and an extension of the deadline to disclose expert reports. Defendant's lack of diligence does not justify reconsideration of this court's order.

The remainder of defendant's motion to alter, amend, or vacate consists primarily of defendant rehashing her arguments asserted prior to judgment being entered. The court has

reviewed the order of April 9, 2008 and the pleadings on record and is unpersuaded that the court's conclusions were in error. Neither clear error, nor manifest injustice, has been demonstrated in this case. The court also finds that the outcome would be the same if plaintiff's motion were analyzed under the stricter provision of 60(b), rather than 59(e). See FED. R. CIV. P. 60(b).

## CONCLUSION

For the reasons stated above, defendant's motion to alter, amend or vacate judgment pursuant to FED. R. CIV. P. §§ 59 or 60 (Doc. 114), is **DENIED**.

**DONE and ORDERED** this 28th day of August, 2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE